

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

MARY E. ANDERSON,                        §
              Plaintiff,        §
                                       §
vs.                                      §    CIVIL ACTION NO. 3:22-2195-MGL-PJG
                                       §
                                       §
FIRST CITIZENS BANK,                     §
                   Defendant.   §

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

Plaintiff Mary E. Anderson (Anderson) filed this job discrimination action against her employer, Defendant First Citizens Bank (FCB). Anderson is representing herself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Anderson be granted twenty-one days from the date the Report was filed to file a proposed amended complaint that cures the deficiencies identified in the Report. If Anderson neglects to do so, the Magistrate Judge suggests that her complaint be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 14, 2023, but Anderson failed to file any objections to the Report.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72  advisory committee's note). Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).  Anderson also neglected to file an amended complaint within the twenty-one time frame..

FCB, however, filed objections to the Magistrate Judge's determination that FCB failed to establish that Anderson's claims are time barred.  But, inasmuch as the Court is going to dismiss the complaint for Anderson's failure to state a claim, the Court need not decide here whether Anderson's lawsuit was timely filed.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Anderson's complaint is **DISMISSED WITHOUT PREJUDICE** based on her failure to state a claim.

Thus, FCB's motion to dismiss and Anderson's motion for judgment on the pleadings are both necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 3rd day of April, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the

date hereof, pursuant to the Federal Rules of Appellate Procedure.